IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wilbert Alexander, ) | C/A No.: 3:13-1722-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Allen Bolin[1] and the University of South ) | |
| Carolina, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Wilbert Alexander, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. He sues Officer Allan Bolin ("Bolin") and the University of South Carolina ("USC") (collectively "Defendants").

This matter is before the court on Defendants' motion for summary judgment [Entry #30] and Plaintiff's motion for summary judgment [Entry #31]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #32]. These motions having been fully briefed [Entry #34,[2] #35, #37, #38], they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.).

---

[1] Bolin's court filings indicate that Allan Bolin is the correct spelling of his name. [Entry #30].
[2] The undersigned listened to the CD of radio transmissions from the incident that Defendants submitted in support of their motion.

Because these motions are dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends Defendants' motion for summary judgment [Entry #30] be granted and Plaintiff's motion for summary judgment [Entry #31] be denied.

I.      Factual Background

Plaintiff alleges that he was working as a cement finisher on USC's campus on February 22, 2011. [Entry #14 at 1]. He contends that he parked his truck on the bottom level of a USC parking garage in an area where other contractors also parked. *Id.* Plaintiff alleges his truck displayed contractor vehicle identification decals and authorizations to park in the garage displayed in his truck. *Id.* When Plaintiff returned to his truck during his lunch break, he noticed that he had received a parking ticket. *Id*. Plaintiff claims that he saw Bolin riding a bicycle through the parking garage and asked Bolin if he had written the ticket. *Id.* Plaintiff alleges that Bolin stated that he did not write the ticket, but had authority to write a ticket. *Id.* Plaintiff claims he was alarmed at Bolin's response and told Bolin that he intended to go to the police office to find out why he received a ticket. *Id.* Plaintiff alleges that he then turned his back to Bolin, turned his radio up, and began to eat his lunch. *Id.*

Plaintiff claims that a few minutes later, he heard Bolin yelling at him, ordering him to get out of his truck, and calling in Plaintiff's tag number. *Id.* at 2. Plaintiff asked Bolin what he did, and Bolin again told him to get out of the truck. *Id.* According to Plaintiff, Bolin proceeded to unbuckle his gun and started to pull it out of the holster while calling for back up. *Id.* Plaintiff alleges that he told Bolin that he was overreacting

2

and that Plaintiff was calling 911. *Id.* Plaintiff says he called 911 and the operator directed him to do as Bolin said. *Id.* Plaintiff contends that he stepped out of the truck and Bolin instructed him to hang up the phone and put his hands on the truck. *Id.* Plaintiff claims he complied and that Bolin told him that he was not being arrested, but was being detained until an investigation was completed. *Id.* Plaintiff alleges that he asked Bolin why he was being investigated, but Bolin asked Plaintiff to sit back in his truck and Plaintiff complied. *Id.*

Subsequently, other officers arrived and an officer asked Bolin why Plaintiff was not in handcuffs. *Id.* Plaintiff contends that he explained to the officer what happened and pointed to his clothing as proof that he was a contractor working at USC. *Id.* An officer again told Plaintiff that he was not being arrested, but was being detained until the investigation was completed. *Id.* Plaintiff claims that during a female officer's attempt to place handcuffs on him, she pushed and pulled on his arms, causing him to lose his balance. *Id.* Plaintiff alleges that when the female officer told him to stop resisting arrest, he explained that he was not resisting, but that she was pushing and pulling him. *Id.* Plaintiff contends that the female officer then handcuffed him in an excessively tight manner. *Id.* According to Plaintiff, there were eight to ten officers on the scene at this point. *Id.* Plaintiff was arrested and charged with breach of peace and taken to jail. *Id.* On March 16, 2011, Plaintiff was found not guilty of the breach of peace charge. *Id.* at 3. Plaintiff seeks monetary damages. *Id.* at 4.

3

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319

4

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

  B. Analysis

    1. Defendants' Summary Judgment Motion[3]

     a. False Arrest

Defendants assert that Bolin had probable cause to arrest Plaintiff for breach of peace[4] because Plaintiff (1) engaged in loud/boisterous speech, (2) failed to obey numerous commands to show his hands, end his call, and exit the truck, and (3) resisted police officers' attempts to handcuff him. [Entry #30-1 at 11]. Plaintiff contends that his attitude toward Bolin was not aggressive or uncooperative, that he called 911 because he was in fear for his life, and that he did not disobey Bolin's commands after he felt his life was no longer in danger. [Entry #37 at 11–12].

---

[3] In his response to Defendants' motion, Plaintiff asserts that Officers Miles, Millhouse, and Alonzo, the City of Columbia, and the State of South Carolina are liable for the incident on February 22, 2011. [Entry #37 at 7]. These parties were not named in Plaintiff's amended complaint. Plaintiff has not filed a motion to file a second amended complaint and the deadline for filing such a motion has passed. Accordingly, these parties are not properly before this court and the court has not considered Plaintiff's arguments against them.

[4] Breach of peace is a violation of public order by any act or conduct inciting to violence. *State v. Poinsett*, 157 S.E.2d 570 (S.C. 1967). Although breach of peace includes acts likely to produce violence in others, actual violence is not an element of breach of peace. *State v. Peer*, 466 S.E.2d 375 (S.C. Ct. App. 1996).

5

Under Supreme Court precedent, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Probable cause exists if the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person . . . in the circumstances shown, [to conclude] that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). "The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Id.* at 36.

"Probable cause requires more than 'bare suspicion,' but requires less than evidence necessary to convict." *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (internal citations omitted). Reasonable law officers need not "resolve every doubt about a suspect's guilt before probable cause is established." *Torchinsky v. Siwinsky*, 942 F.2d 257, 264 (4th Cir. 1991). As a result, to prove an absence of probable cause, Plaintiff "must allege a set of facts which made it unjustifiable for a reasonable officer to conclude" he was involved in the charged offense. *Brown v. Gilmore*, 278 F.3d 362, 368 (4th Cir. 2002). In considering Defendants' motion, the court is required to view the facts in the light most favorable to Plaintiff. *Anderson*, 477 U.S. at 255.

On the record before the court, the facts and circumstances within Bolin's knowledge were that: (1) Plaintiff had out-of-state tags and it was not clear to Bolin why he was in the parking garage; (2) Plaintiff's attitude toward Bolin was aggressive and

6

uncooperative; (3) Plaintiff disobeyed Bolin's commands, including multiple commands to exit the truck, show his hands, and end his phone call; (4) Bolin's perception of Plaintiff's resistance caused Bolin to request that backup officers respond more quickly. [Entry #30-2]. Although Plaintiff may not characterize his own behavior as uncooperative, he admits that he initially did not follow Bolin's commands to exit the truck and chose instead to stay in his truck and called 911. [Entry #31-2]. Plaintiff only complied with Bolin's instructions to exit the truck after the 911 operator told him to do as Bolin requested. *Id.* By this point, the situation had escalated and backup officers were en route to the incident. According to Bolin and undisputed by Plaintiff, Bolin attempted to handcuff Plaintiff, but Plaintiff resisted. [Entry #30-2 at 3]. Plaintiff appeared to resist another attempt to place him in handcuffs when the backup officers arrived. *Id.* Viewing the facts before the court in the light most favorable to Plaintiff, the facts and circumstances within Bolin's knowledge were sufficient to warrant his arrest of Plaintiff for breach of the peace. Therefore, the undersigned recommends Defendants be granted summary judgment on Plaintiff's false arrest claim.

        b.      Excessive Force

Plaintiff alleges that Bolin used excessive force when he reached for[5] his gun during his investigation of Plaintiff. [Entry #14]. Bolin states that Plaintiff failed to comply with multiple commands to exit his truck. [Entry #30-2 at 3]. Bolin claims that he

---

[5] Plaintiff also argues for the first time in his response that Bolin brandished his gun, opened Plaintiff's door, and grabbed him without probable cause. [Entry #37 at 18]. As these facts were not included in the amended complaint and have not been offered through an affidavit or declaration, they are not properly before the court pursuant to Fed. R. Civ. P. 56.

7

approached Plaintiff's truck and placed his hand on his duty weapon when he was unable to see what Plaintiff was reaching for with his left hand toward the passenger side of the truck. *Id.* Plaintiff contends that Bolin began to remove his gun from his holster in response to Plaintiff's failure to immediately respond to Bolin's commands to get out of the truck. [Entry #14 at 1]. Plaintiff does not allege, however, that Bolin pointed his weapon at him, nor does he allege that Bolin used his weapon in a threatening manner after Plaintiff complied with Bolin's commands to exit his truck.

An excessive force claim of an arrestee is governed by the due process clause of the Fourteenth Amendment. *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008). In assessing claims of excessive force, the court must apply a standard of "objective reasonableness." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Specifically, the court must determine "whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force." *Elliott v. Leavitt*, 99 F.3d 640, 642 (4th Cir. 1996) (citing *Graham*, 490 U.S. at 396–97). The use of a gun in connection with a seizure is permissible when the officer reasonably believes it is necessary for his protection. *Bellotte v. Edwards*, 629 F.3d 415, 425–26 (4th Cir. 2011).

Viewing the facts in a light most favorable to Plaintiff, the facts before the court show that Bolin was unable to see Plaintiff's hand, began to pull his gun out of his holster until Plaintiff exited his truck, and did not use his gun after Plaintiff exited the truck. The undersigned finds that these facts do not create a question of material fact as to whether Bolin's purported use of force was excessive. *See Croom v. Balkwill*, 645 F.3d 1240, 1252 n. 17 (11th Cir. 2011) (finding plaintiff failed to state an excessive force claim

when plaintiff alleged that the officer used a gun during her seizure, but did not allege the officer pointed the gun at her or used the gun in a threatening manner after the house was secured).

Defendants further allege that they are entitled to summary judgment on Plaintiff's excessive force claim related to the tightness of the handcuffs, as Plaintiff has not asserted that Bolin was personally involved in handcuffing Plaintiff. [Entry #30-1 at 13–14]. The undersigned agrees that Defendants are not responsible for the actions of persons not before the court. The undersigned recommends that Defendants be granted summary judgment on Plaintiff's excessive force claims.

      c.      Illegal Search

Defendants argue that any purported search of Plaintiff's truck was valid because an officer is permitted to conduct a truck search when an arrestee is within reaching distance of a truck or an inventory search after an arrest. [Entry #30-1 at 14]. Plaintiff's amended complaint contains insufficient factual allegations to support his claim of an illegal search. For instance, Plaintiff does not allege that Bolin was the officer who initiated the search and does not specify whether the search was conducted before or after his arrest. Although Plaintiff argues for the first time in his response that Bolin opened his truck door without probable cause, he provides no evidence to support this argument. [Entry #37 at 18]. Based on the record before the court, the undersigned recommends Defendants be granted summary judgment on Plaintiff's illegal search claim. *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (affirming dismissal of complaint which "failed to contain any factual allegations tending to support [plaintiff's] bare assertion").

9

### d. Bystander Liability

A law enforcement officer may incur bystander liability under 42 U.S.C. § 1983 if he (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. *See Randall v. Prince George's County, Md.*, 302 F.3d 188, 204 (4th Cir. 2002). Plaintiff contends that Bolin's superior officers [Miles, Millhouse, and Alonzo] were aware that Plaintiff did not commit a crime, but failed to intervene when Bolin illegally arrested him. [Entry #37 at 18–19]. Because Plaintiff's bystander liability claim is directed at persons who are not defendants in this lawsuit, the undersigned recommends that Defendants be granted summary judgment on Plaintiff's bystander liability claim.

### e. State Law Claims

Defendants contend that Plaintiff's state law claims are barred by the South Carolina Tort Claims Act ("SCTCA") statute of limitations. [Entry #30-1 at 18]. Plaintiff contends that his state law claims were timely filed. [Entry #37 at 23–24]. Plaintiff also argues that the SCTCA statute of limitations is unconstitutionally vague and should be equitably tolled because he was not able to find legal assistance to help file his claims. *Id.* at 24–29.

Plaintiff's state law claims fall under the SCTCA which provides a two-year statute of limitations. S.C. Code Ann. § 15-78-110. South Carolina determines accrual of the limitation period based on the date the person should have discovered that he had a claim. *Id.* The undersigned finds that a person of reasonable diligence would have been aware of Plaintiff's claims no later than February 22, 2011, when he was arrested. Even

11

utilizing, the date Plaintiff was acquitted of the breach of peace charge on March 16, 2011, Plaintiff's claims under the SCTCA are untimely. Plaintiff filed this case on May 17, 2013, more than two years later. Therefore, his state law claims fall outside the SCTCA statute of limitations. Accordingly, the undersigned recommends Defendants be granted summary judgment on Plaintiff's state law claims.

        2.      Plaintiff's Summary Judgment Motion[6]

Plaintiff's motion for summary judgment [Entry #31] essentially restates the arguments contained in his response to Defendants' summary judgment motion. The undersigned considered Plaintiff's summary judgment arguments in evaluating Defendants' motion for summary judgment. For the reasons outlined above, the undersigned recommends that Plaintiff's motion for summary judgment be denied.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Defendants' motion for summary judgment [Entry #30] be granted and that Plaintiff's motion for summary judgment [Entry #31] be denied.

    IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 31, 2014                                  Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached**

---

[6] Plaintiff alleges that Defendants violated his First Amendment right to record his arrest. [Entry #31-1 at 7–8]. To the extent Plaintiff now seeks, for the first time, to bring First Amendment claims, the undersigned finds the deadline for Plaintiff to amend his pleadings has expired and such claims are not properly before the court.

**"Notice of Right to File Objections to Report and Recommendation."**

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).