IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WILBERT ALEXANDER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:13-cv-01722-TLW |
| ALLAN BOLIN,[1] personally and in his official capacity; and THE UNIVERSITY OF SOUTH CAROLINA, | ) |
| Defendants. | ) |

# ORDER

Plaintiff Wilbert Alexander, proceeding pro se, brought this action against the University of South Carolina and Officer Allan Bolin (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. On February 6, 2014, Defendants filed a Motion for Summary Judgment. (Doc. #30). Plaintiff filed a Motion for Summary Judgment the same day. (Doc. #31). Defendants filed a Response in Opposition to Plaintiff's Motion on February 24, 2014. (Doc. #35). Plaintiff filed a Response in Opposition to Defendants' Motion on March 12, 2014 (Doc. #37), to which Defendants filed a Reply on March 24, 2014 (Doc. #38).

This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(f), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant Defendants' Motion for

---

[1] Bolin's court filings indicate that Allan Bolin is the correct spelling of his name. (Doc. #30).

Summary Judgment and deny Plaintiff's Motion for Summary Judgment. (Doc. #40). Plaintiff filed objections to the Report on August 18, 2014. (Doc. #42). Defendants filed a reply on September 5, 2014 (Doc. #43), and the matter is now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with the standard announced in Wallace. See id. It is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED** (Doc. #40) and that Plaintiff's objections are **OVERRULED** (Doc. #42). Accordingly, Defendants' Motion for Summary Judgment is **GRANTED** (Doc. #30), and Plaintiff's Motion for Summary Judgment is **DENIED** (Doc. #31).[2]

**IT IS SO ORDERED.**

---

[2] To the extent Plaintiff raises a breach of contract claim, which is not barred by the South Carolina Tort Claims Act's two-year statute of limitations, Plaintiff has pleaded no factual or legal basis for and has wholly failed to state a breach of contract claim. Accordingly, Defendants are entitled to summary judgment on Plaintiff's breach of contract claim.

                                                *s/ Terry L. Wooten*
                                                Terry L. Wooten
                                                Chief United States District Judge

September 17, 2014
Columbia, South Carolina